UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MISSISSIPPI LIME COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:03CV0170 HEA |
| ) | |
| MOLLERS NORTH AMERICA, INC., ) | |
| ) | |
| Defendant. ) | |

## **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Bill of Costs, [#153] and Defendant's Bill of Costs, [#154]. Both parties have filed objections to each other's bill of costs. For the reasons set forth below, Plaintiff's Bill of Costs is granted in part and denied in part, and Defendant's Bill of Costs is granted.

## **Background**

On May 5, 2005 this Court entered judgment in favor of Plaintiff Mississippi Lime Company on its claim against Defendant Mollers North America, Inc. for breach of contract in the amount of $766,500.00. Judgment was entered in favor of Defendant on its counterclaim for quantum meruit in the amount of $50,140.00. Judgment was also entered against Plaintiff on its claim for negligent misrepresentation and against Defendant on its claim for breach of contract. Both Plaintiff and Defendant have filed their respective Bill of Costs claiming they are entitled to all costs and expenses reasonably incurred in the

litigation of this cause of action pursuant to 28 U.S.C. § 1920 and Rule 54(d) of the Federal Rules of Civil Procedure.

## Discussion

**Plaintiff's Bill of Costs**

In its Bill of Costs, Plaintiff alleges it incurred a filing fee in the amount of $150.00, court reporter fees in the amount of $17,324.20, fees for witnesses in the amount of $91.00, and copying fees in the amount of $12,446.16. The total expenses Plaintiff claims to have reasonably incurred amount to $30,011.36.

Defendant objects to Plaintiff's Bill of Costs, arguing that a significant portion of Plaintiff's claimed amount is not properly taxable as costs. Specifically, Defendant claims Plaintiff is not entitled to recover the cost of video depositions ($5,010.75), "RealTime" services during depositions ($630.50), or airfare for a court reporter to travel from St. Louis to Michigan for a depositon ($283.90). Defendant also contends Plaintiff has failed to make the necessary showing that any of its claimed costs for exemplification and copies of papers ($12,446.16) were necessarily obtained. Defendant argues that this Court should not tax any of the above-referenced items as costs and that Plaintiff is entitled to no more than $11,640.05.

Rule 54(d) of the Federal Rules of Civil Procedure provides in relevant part that costs, other than attorney's fees, shall be allowed as a matter of course to the prevailing party

unless the court otherwise directs. FED. R. CIV. P. 54(d). Section 1920 defines "costs" as used in Rule 54(d), and provides in relevant part:

> A judge or clerk of any court of the United States may tax as costs the following:
> (1) Fees of the clerk and marshal;
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

A district court must carefully scrutinize the costs claimed and the support offered for them. *Alexander v. National Farmers Organization,* 696 F.2d 1210, 1212 (8th Cir. 1982), *cert. denied,* 461 U.S. 938 (1983). The court may decline to award certain costs, but may not tax expenses that are not listed in § 1920. *See Crawford Fitting Co. v. J.T. Gibbons, Inc.,* 482 U.S. 437, 442 (1987).

Defendant first argues that Plaintiff's expenses associated with video depositions, "RealTime" services during depositions, and the airfare for the court reporter who traveled from St. Louis to Michigan for a deposition do not constitute allowable fees under § 1920(2). Such expenses are not provided for in § 1920, since Subsection (2) only provides for court reporter fees associated with "all or any part of the stenographic transcript necessarily obtained for use in the case."

3

The Eastern District, however, has previously held that where video depositions are necessarily obtained for use in the case, they will be allowed. In *Glastetter v. Sandoz Pharmaceuticals Corp.* (1:97CV131ERW), Judge Webber noted in his Order dated October 3, 2000, that "courts have allowed the taxing of costs for both the videotaping and the stenographic transcription of a deposition provided that both were necessarily obtained for use in the case." *Id.* (*citing Roberts v. Owens-Corning Fiberglass Corp.,* 101 F. Supp.2d 1076, 1086 (S.D. Ind. 1999) (court found that even though videotaped depositions were not used at trial, they were necessarily obtained for use in the case because the deposing party was not sure the witnesses would be present for trial)). Judge Webber did not ultimately allow the costs associated with the videotaped depositions taken in *Glastetter*, because none of the videotapes were actually used in the hearing in question.

Here, Plaintiff seeks costs associated with eleven (11) videotaped depositions. Only six (6) of those were actually played for the jury at trial. At the time of the depositions, the six witnesses (Saenz, Clark, Hutchinson, van Garderen, Frische, and Pickenacker) resided either out of state or out of the country, making videotaping necessary to preserve the testimony for use at trial. Therefore, only the costs associated with the videotaping of the six individuals in question will be allowed. The total allowable costs for videotaped depositions is $4,225.00.

The "RealTime" services, and the airfare for the court reporter, however, do not constitute stenographic transcripts, nor can they be considered expenses for items or services

necessarily obtained for use in this case. Therefore, Plaintiffs are not entitled to the amounts claimed for such expenses.[1]

Defendant next claims Plaintiff's claim for expenses associated with the exemplification of copies and papers should not be taxed as costs, because photocopy charges which were incurred for the mere convenience, preparation, or research should not be allowed. Defendant also contends that Plaintiff's Schedule D, document which itemizes the photocopy charges, provides little description of the copies and need therefore. The Court agrees that Plaintiff's entries in Schedule D are vague, redundant, and provide no indication as to why such costs were necessary for the litigation of this case. With the exception of perhaps "materials for document production" and other photocopies provided to the Court or the opposing party, Plaintiff's claimed expenses for items listed as "preparation of exhibits for depositions", "materials re discovery issues", "copying of deposition transcript", "copies of mediation materials", and "copies of materials for trial preparation" are not copies of papers necessarily obtained for use in the case under § 1920(4). Such costs are reasonable out-of-pocket expenses of the kind normally charged to clients by attorneys, and thus should have been included as part of the reasonable attorney's fees awarded. *See generally, Pinkham v. Camex, Inc.,* 84 F.3d 292 (8th Cir. 1996) (*citing West Virginia Univ. Hosp., Inc. v. Casey,* 499 U.S. 83, 87 n. 3 (1991)).

---

[1]Plaintiff alleges the costs associated with the court reporter's airfare was not included in its Bill of Costs as mistakenly assumed by Defendant. The Court can find no evidence that it was, in fact, included, so the airfare will not be considered as part of Plaintiff's costs.

Because this Court is required to carefully scrutinize the submitted costs, and Plaintiff has made no showing regarding what use was made of the documents it photocopied, only those materials copied and provided to the Court and/or opposing counsel will be taxed as costs. All other costs associated with photocopying will not be taxed to Defendant. Therefore, the total costs as calculated from Schedule D which are allowable expenses under § 1920(4) amount to $7,458.99.

**Defendant's Bill of Costs**

Defendant also claims it is entitled to all costs and expenses reasonably incurred in the litigation of this cause of action pursuant to 28 U.S.C. § 1920. Defendant contends it incurred a fee for service of summons in the amount of $90.00, court reporter fees in the amount of $1,427.04, and fees for witnesses in the amount of $1,735.31. The total expenses Defendant claims to have reasonably incurred amount to $3,252.35.

Plaintiff argues that Defendant's Bill of Costs should be denied in its entirety, because Defendant was not the prevailing party in the case and is therefore not entitled to costs under 28 U.S.C. § 1920 or Rule 54(d). The Court, however, has substantial discretion in awarding costs. *See Arthur Young & Co. v. Reves,* 937 F.2d 1310, 1339 (8th Cir. 1991). As Defendant states in its response to Plaintiff's objections, the parties were both prevailing and losing parties, in that they were both successful on one of their counterclaims, and both recovered only a portion of the damages they were seeking. They both also failed to recover any damages on another claim and counterclaim. The Court, in its discretion, could deny

costs to both parties, but such a measure would not be just nor appropriate. Instead, the Court will award each party the costs reasonably incurred in the litigation of this case.

Defendant claims its costs in the amount of $3,252.35 represent only those costs related to its successful counterclaim for quantum meruit. Plaintiff does not argue that Defendant's costs were not costs pursuant to § 1920, nor does Plaintiff claim that the expenses were not for items or services necessarily obtained for use in this case. Therefore, Defendant's total costs in the amount of 3,252.35 will be allowed.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Bill of Costs, [#153], is granted in part and denied in part; costs shall be taxed against Defendant in the amount of TWENTY-FOUR THOUSAND TWO HUNDRED THIRTY-EIGHT DOLLARS AND FORTY-FOUR CENTS, ($24,238.44);

**IT IS FURTHER ORDERED** that Defendant's Bill of Costs, [#154], is granted; costs shall be taxed against Plaintiff in the amount of THREE THOUSAND TWO HUNDRED FIFTY-TWO DOLLARS AND 35 CENTS ($3,252.35).

Dated this 8th day September, 2005.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE